UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60792-WPD

AVIYAWNA MICHAEL,

      Plaintiff,

v.

AMERICAN CORADIUS
INTERNATIONAL, LLC,

      Defendant.

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff AVIYAWNA MICHAEL ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant AMERICAN CORADIUS INTERNATIONAL, LLC ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

## NATURE OF ACTION

### I.   THE FAIR DEBT COLLECTION PRACTICES ACT

1.      The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. 15 U.S.C. §1692f(8).

5.      As set forth in more detail below, Defendant violated § 1692f(8) the FDCPA, and as a result thereof, Plaintiff now seeks damages and/or injunctive relief for the same.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

7.      Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

8.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9.   Defendant is a Delaware corporation, with its principal place of business located in Amherst, New York.

10.      Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

11.      At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

12.      The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

13.      In particular, the Consumer Debt represents an allegedly outstanding amount Plaintiff owes the original creditor, CarMax Auto Finance (the "Creditor"), on a vehicle loan the Creditor had allotted to Plaintiff to facilitate Plaintiff's purchase of a personal vehicle.

14.      The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

15.      Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

16.     Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C §1692a(6).

17.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

18.     On or about February 6, 2017, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19.     The envelope used to mail the Collection Letter to Plaintiff revealed a bar code printed on the upper-left portion of the Collection Letter. Such bar code was revealed via a transparent window of the said envelope.

## I.      THE LEAST SOPHISTICATED CONSUMER STANDARD

20.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard . . . to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010).

## II.     ESTABLISHING A CLAIM FOR FDCPA

21.     To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

## VIOLATION OF 15 U.S.C § 1692f(8)

22.     Plaintiff incorporates by reference paragraphs 12-21 of this Complaint as though fully stated herein.

23.     By the very language of the statue, Defendant is prohibited from using any using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail – in that – § 1692f(8) of the FDCPA states:

> Without limiting the general application of the foregoing, the following conduct is a violation of this section… *[u]sing any language or symbol, other than the debt collector's address, on any envelope* when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

24.     Here, the envelope used by Defendant to mail the Collection Letter to Plaintiff displayed a bar code through the transparent window of the envelope. Such bar code is located on the upper-left portion of the Collection Letter. Under the same facts as the instant case the court in Palmer v. Credit Collection Servs. explicitly articulates why Defendant violated the FDCPA by displaying bar code through the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] … forbids the debt collector from "[u]sing any language or symbol" on the envelope sent to a consumer to collect a debt. The bar code, of course, is a symbol. Thus, it is undeniable that §1692f(8) forbids the appearance of the bar code through the transparent window of the envelope sent to the debtor. We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd. *See* Id. at 302-03. An oft-cited example of absurdity in this context would be to read the statute to disallow the debt collector from affixing a stamp to the envelope. *See* Id. at 303.

Congress, for example, could have described or attempted to describe in §1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the FDCPA. Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business." *See* §1692f(8). This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." *See* §1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of §1692f(8).

We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015).

25.     Accordingly, given that the Eleventh Circuit has not read any exception into the statute, other than those explicitly stated therein, the existence of the bar code, violates § 1692f(8) of the FDCPA.  *See* <u>Michael v. Hovg, LLC</u>, 2017 WL 129111, at *3-4 (S.D. Fla. Jan. 10, 2017) (rejecting the argument that a bar code or Quick Response code visible from the exterior of a collection letter's unopened envelope needs to reveal information relating to the consumer and/or the underlying debt, noting that "the Eleventh Circuit has not yet entered the fray, but even assuming the 'benign language' exception applicable, the Court [was] unwilling to create an additional pleading requirement that Plaintiff must overcome to state a claim under § 1692f(8)." (citing Palmer, 160 F. Supp. 3d 819 at 823 ("The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties'

arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number." (footnote omitted))).

## DEMAND FOR JURY TRIAL

26.    Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

DATED: June 28, 2017

Respectfully Submitted,

  /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:    855-529-9540

  /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:    954-507-9975

*COUNSEL FOR PLAINTIFF*